UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Archie McClarin, III,**
        **Plaintiff,**

vs.                                                                  07-1003

**Roger E. Walker, Jr., et al.,**
        **Defendants.**

## MERIT REVIEW/OPINION

The plaintiff, Archie McClarin, III, is currently incarcerated by the Illinois Department of Corrections (hereinafter IDOC) at Illinois River Correctional Center. He filed a petition to proceed in forma pauperis [1] on November 17, 2006, alongwith a complaint, pursuant to 42 U.S.C. Section 1983. In his complaint, he names as defendants, **Roger E. Walker**, Jr., **Sherry Benton**, Chairperson of ARB, **Donald A. Hulick**, warden Hill CC, **Major James M. Carothers**, former chairman, Hill CC Adj. Committee, **Cornealious Sanders**, Hill Adj. Committee person/ correctional officer; **Brian D. Ledbetter** C/O at Hill, **Craig L. Jones**, C/O at Hill; and **Matthew Fredrickson**.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163,

---

[1]Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations and Discussion

The court considers the plaintiff's allegations as true for purposes of this order.

The plaintiff claims that while he was incarcerated at Lawrence Correctional Center, on or about January 1, 2005, he was issued a disciplinary report charging him with intimidation or threats, disobeying a direct order and unauthorized movements. He claims the committee refused his requests to called a witness, Locke, a correctional officer. The plaintiff was found guilty of all but one of the charges, which was dropped. The plaintiff received as punishment 30 days in segregation, demotion to C-grade status for 60 days, and loss of commissary privileges for 60 days. His discipline did not include a loss of good time. However, he claims that due to these charges and finding of guilt, his request for restoration of good time that he lost on another occasion was denied.

The plaintiff alleges a second disciplinary charge was issued against him on or about June 7, 2005. He was charged with intimidation/threats, insolence, unauthorized movements, contraband /unauthorized property and disobeying a direct order. The plaintiff claims that the defendants, Carothers and Sanders refused to call Sgt. Bennett as a witness. The plaintiff alleges that he officially claimed the defendants, Jones and Kirkland as enemies. Apparently, these two correctional officers were involved in issuing the disciplinary charges. The plaintiff claims that in spite of the fact that there was no investigation by the defendants, the plaintiff was found guilty. The discipline included a transfer, but no loss of good time.

The plaintiff points to exhibits he submitted alongwith his complaint as evidence that

2

prison officials at the Illinois Department of Corrections has refused to restore his good conduct credit due to "nature of offenses and continued poor conduct." The court has reviewed the plaintiff's exhibits. He includes a September 7, 2004 memorandum from Lori A. Jaenke, Record Officer Supervisor addressed to the plaintiff. In her memo, Ms. Jaenke advises the plaintiff that on August 19, 2004, his request for the restoration of good conduct credits was denied at the institutional level. Further, the plaintiff attaches to his complaint several Recommendation of Restoration of Good Conduct Credit wherein his request was denied on each occasion. However these denials all took place in 2004, before the January 1, 2005 disciplinary charge. Further, the plaintiff attaches a January 28, 2005 letter from Mary Lindley, Record Officer Supervisor, addressed to the plaintiff. Ms. Lindley advises the plaintiff that he was "submitted for restoration of good conduct credits and this was denied at the institutional level on 1/27/05, due to nature of offense(s) resulting in loss of good time ...." The plaintiff claims however that because he was denied due process for the January 1, 2005 hearing when the defendants refused to call his witness, he is now being denied restoration of good conduct credit "due to nature of offenses and continued poor conduct." However, his exhibits belies his assertion. He did not lose restoration of good conduct credit based any loss of due process in the January 2005 hearing. So what did the plaintiff lose as a result of the January 1, 2005 disciplinary charges: 30 days in segregation; demotion to C-grade status for 60 days, and loss of commissary privileges for 60 days. His punishment for the June 7, 2005 disciplinary report included a transfer, but no loss of good time.

Disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). The conditions described by the plaintiff, discussed infra, do not meet the requirements of *Sandin*. Further, grade demotion and loss of telephone privileges are not considered "atypical and significant hardships" or violations of the constitution. See *Overton v. Bazzetta*, 123 S.Ct. 2162, 2170 (2003)(2-year restrictions on visits constitutional); *Block v. Rutherford*, 104 S.Ct. 3227 (1984)(pretrial detainees had no due process right in contact visits); *Thomas v. Ramos*, 130 F.3d 754, 760, 762 n.8 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population, avoiding transfer to another prison, or in retaining grade level). Further, the plaintiff has no constitutional right for an investigation. To state a procedural due process claim, the plaintiff must allege the deprivation of a constitutionally protected liberty, life or property interest. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995)(per curiam). The plaintiff does not state a constitutional claim based on procedural due process because the plaintiff has not suffered a constitutional deprivation. Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's claim that the defendants violated his due process rights is therefore denied for failure to state a claim upon which relief may be granted.

The plaintiff complains that while in segregation the dietary portions that were fed to him was not adequate for an adult. His grievance regarding this issue was denied by Hulick, Walker and Benton. In order to establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate. See, e.g., Case v. Ahitow, 301 F.3d 605, 607 (7th Cir.2002); Reed v. McBride, 178 F.3d

3

849, 854 (7th Cir.1999); Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir.1997). These allegations do not rise to the level of a constitutional violation. The plaintiff has alleged no harms, therefore, this claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

Further, the plaintiff claims the showers were broken in Housing Unit 2 and it is an "ongoing and ignored" problem by Hill Correctional Center officials. He further claims that while showers were broken, several inmates had to share the shower at the same time. These allegations do not rise to the level of a constitutional violation and therefore, this claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

The plaintiff also complains that the administrative policy [that does not allow hot pots] violates the prisoners rights to have properly prepared food by refusing to see hot pots to prisoners. He claims that commissary sells food to inmates that must be prepared, cooked at 180 degrees, to effectively kill harmful bacteria. His grievance regarding this issue was denied by Hulick and formal hearing and request for investigation were denied by Walker and Benton. The plaintiff has no constitutional right to have a hot cook pot and therefore, his claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

The plaintiff claims he was awakened from his bed by defendant Frederickson, an unknown lieutenant and several c/o's. The correctional officers and lieutenant were holding the plaintiff. Frederickson said "let's beat his black a.. while there's (sic) no cameras." Frederickson advanced upon plaintiff brandishing a large set of handcuffs. However, the lieutenant prevented Frederickson from completing any "further assault" upon the plaintiff. During the merit review conference, the plaintiff stated that he was not hit by any officer. These allegations do not rise to the level of a constitutional violation and therefore, this claim is dismissed for failure to state a claim upon which relief may be granted.

**Based on the foregoing:**

1. **The clerk of the court is directed to file the plaintiff's complaint and exhibits, forthwith.**
2. **Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.**
3. **Any pending motions are denied as moot and this case is closed.**
4. **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed.**

**R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 20th   day of April 2007.**

**/s Harold A. Baker**

_____

**Harold A. Baker**

**United States District Judge**